IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY E. BROWN. #36505 *
    Petitioner,
  v. * CIVIL ACTION NO. ELH-13-1584

WARDEN *
    Respondent.

*********************************************************************

GREGORY E. BROWN, #36505 *
    Petitioner,
  v. * CIVIL ACTION NO. ELH-13-1627

WARDEN *
    Respondent.
                                       ***

MEMORANDUM

On May 30, 2013 and June 4, 2013, the court received the above-captioned letter petitions for habeas corpus relief, filed by Gregory E. Brown. He is detained at the Jail Industries Building in Baltimore, Maryland. Brown attacks his pending drug possession charge in the state courts.

According to Brown, he was arrested on April 3, 2013, had no drugs on his person, and the charge represents a police officer's attempt to fraudulently cover-up the officer's running his vehicle into Brown. ECF No. 1. Brown contends that the video tapes that show this incident and a subsequent district court hearing on May 8, 2013, no longer exist. He asks for court intervention before he is "railroaded of my freedom." Brown has filed neither the $5.00 habeas filing fee nor an indigency application. He shall not, however, be required to cure this deficiency.

Brown's primary reason for filing his letter petitions is to challenge the active charge filed against him in the state court. The Maryland Judiciary Case Search website confirms that on May 8,

2013, a charge against Brown for unlawful possession of a controlled, dangerous substance was transferred from the District Court to the Circuit Court for Baltimore City. *See State v. Brown*, Criminal No. 813128006 (Circuit Court for Baltimore City)(copy attached).[1] According to Brown, his trial has been postponed from May 31, 2013 to July 17, 2013.

To the extent that Brown seeks court intervention in his pending state criminal proceeding, his actions will be construed as 28 U.S.C. § 2241 petitions for habeas corpus relief, consolidated for all purposes, and shall be dismissed. Absent extraordinary circumstances, a federal court must not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989) (district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding). Further, pretrial habeas relief is only available if a petitioner has exhausted state court remedies and "special circumstances" justify federal review. *See Dickerson v. Louisiana*, 816 F.2d 220, 226-29 (5th Cir. 1987). Brown has not exhausted his state court remedies and has raised no exceptional circumstances for interfering with the Baltimore City criminal case. Habeas corpus relief will be denied without prejudice.

When a district court dismisses a petition for habeas corpus solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (*quoting Slack v.*

---

[1] *See* http://www.casesearch.courts.state.md.us/inquiry.

2

*McDaniel*, 529 U.S. 473, 484 (2000). Brown has not made the required showing and no certificate of appealability shall issue. A separate Order will be entered dismissing this action without prejudice.

Date: June 7, 2013                               /s/
                                             Ellen Lipton Hollander
                                             United States District Judge